IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 08-cr-00287-REB-03

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. DAMON SCOTT,

    Defendant.

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR REDUCED SENTENCE PURSUANT TO THE FIRST STEP ACT

**Blackburn, J.**

The matter before me is defendant Damon Scott's **Unopposed Motion for Reduced Sentence Pursuant to the First Step Act** [#1016],[1] filed June 24, 2019.[2] As indicated by its title, the motion is unopposed. I grant the motion.

## I. JURISDICTION

I have jurisdiction to consider Mr. Scott's request for sentence modification under 18 U.S.C. § 3582(c).

## II. LEGAL STANDARDS

---

[1] "[#1016]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Several months prior to the filing of the instant motion, Mr. Scott filed his own *pro se* **Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) "First Step Act"** [#1008], filed February 12, 2019. Shortly thereafter, the Office of the Federal Public Defender entered its appearance in the case and subsequently filed the instant motion. I therefore will deny Mr. Scott's *pro se* motion as moot.

Mr. Scott's motion is brought pursuant to section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018) [hereinafter "First Step Act"]. This section bridges a gap in the application of sections 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) [hereinafter "Fair Sentencing Act"], which although "reduc[ing] the statutory mandatory minimum sentencing penalties for crack cocaine by significantly reducing the prior crack/powder ratio,"[3] did not apply retroactively to "defendants previously sentenced under the prior existing mandatory minimum sentencing statutes." **United States v. Murphy**, 501 Fed. Appx. 740, 742 (10th Cir. Nov. 1, 2012). **See also Dorsey v. United States**, 567 U.S. 260, 273, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012) ("Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.").

Specifically, section 404 of the First Step Act provides, in relevant part,

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act § 404(b).[4] A "covered offense" is "a violation of a Federal Criminal

---

[3] Specifically, section 2 of the Fair Sentencing Act amended section 401(b)(1) of the Controlled Substances Act ("CSA"), 21 U.S.C. § 841(b)(1), "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." **Dorsey v. United States**, 567 U.S. 260, 269, 132 S.Ct. 2321, 2329, 183 L.Ed.2d 250 (2012). Section 3 "eliminated the 5–year mandatory minimum for simple possession of crack." **Id.**

[4] Section 404 is the only section of the First Step Act which applies retroactively. **See United States v. Lewis**, – F.Supp.3d –, 2019 WL 2192508 at *18 (D.N.M. May 21, 2019); **United States v. Gonzalez-Oseguera**, 2019 WL 1270916 at *1 (D. Haw. March 19, 2019).

2

statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.* § 404(a).

Section 3582(c)(1)(B) of Title 18 "provides the procedural vehicle whereby th[e c]ourt may modify [a] Defendant's sentence" under the First Step Act. **United States v. Potts**, 2019 WL 1059837, at *3 (S.D. Fla. Mar. 6, 2019). *See* 18 U.S.C. § 3582(c)(1)(B) (court may modify a term of imprisonment only "to the extent otherwise expressly permitted by statute"). Modification of a sentence under section 3582 is not a plenary resentencing. **Dillon v. United States**, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010).[5] By extension, then, district courts have found the First Step Act likewise does not permit plenary resentencing, but only "a recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted," **United States v. Lewis**,– F.Supp.3d –, 2019 WL 2192508 at *19 (D.N.M. May 21, 2019) (quoting **United States v. Davis**, 2019 WL 1054554 at *2 (W.D.N.Y. March 6, 2019)) (internal quotation marks omitted).[6] Concomitantly, because a defendant need not be present for a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. § 3582(c), *see* **FED. R. CRIM. P.** 43(b)(4), a hearing is not necessary to resolve a motion for relief under the First Step

---

[5] Specifically, the Court held that "[s]ection 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." **Dillon**, 130 S.Ct. at 269.

[6] *See also United States v. McKinney*, 382 F.Supp.3d 1163, 1165 (D. Kan. 2019); **United States v. Lawson**, 2019 WL 1959490 at *3 (N.D. Ohio May 2, 2019); **United States v. Glore**, 2019 WL 1761581 at *5 (E.D. Wis. April 22, 2019); **United States v. Russo**, 2019 WL 1277507 at *1 (D. Neb. March 20, 2019); **Potts**, 2019 WL 1059837 at *2.

Act,[7] *see United States v. Smith*, – F.Supp.3d –, 2019 WL 3071940 at *1 (W.D. Mich. July 15, 2019); *Wright v. United States*, 393 F.Supp.2d 432, 441 (E.D. Va. 2019); *Lewis*, 2019 WL 2192508 at *19 n.12; *Russo*, 2019 WL 1277507 at *1; *Davis*, 2019 WL 1054554 at *2.

The court's inquiry under section 3582(c) includes two parts. At the first step, the court must "follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 130 S.Ct. at 2691. Second, and even if a prisoner is found eligible for a sentence reduction, the court then must consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* at 2692. *See also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

### III. ANALYSIS

On June 3, 2009, pursuant to his plea agreement with the government [#150], Mr. Scott pled guilty to one count of conspiracy to distribute and possession with intent to distribute 5 or more kilograms of cocaine and 50 grams or more of crack cocaine. Based on an agreed amount of crack cocaine of 94.5 grams (*see* **Presentence Investigation Report** ["PSR"] ¶ 17 [#1017], filed under restriction June 24, 2019), Mr.

---

[7] Even assuming *arguendo* that a hearing were required, Mr. Scott has waived or forfeited any right to such. Likewise, to the extent it might be argued that a revised presentence report were necessary, Mr. Scott has waived or forfeited any argument in that regard as well. Moreover, the information contained in the extant Presentence Investigation Report [#1017] and the instant motion is sufficient to enable the court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. FED. R. CRIM. P. 32(c)(1)(A)(ii).

Scott's classification as a career offender (*id.* ¶ 34), and with an adjustment for acceptance of responsibility (*id.* ¶ 32; *see also* [#160], filed June 9, 2009), Mr. Scott's total, adjusted, advisory, offense level was 34 (PSR ¶ 35). Mr. Scott's criminal record placed him in Criminal History Category VI. An offense level of 34 and a criminal history category of VI resulted in an advisory guideline range of imprisonment of 262 to 327 months. (*Id.* ¶ 113.) At sentencing, the government moved under §5K1.1 for an additional twenty-five percent downward departure from the bottom of the range based on substantial assistance ([#239], filed September 8, 2009). The court approved the parties' plea agreement and sentenced Mr. Scott to a term of imprisonment of 196 months [#403].

At the time of Mr. Scott's sentencing, the statutory maximum for a career offender found responsible for more than 50 grams of crack cocaine was life imprisonment. Thus, under the sentencing guidelines his total offense level was 37. *See* **USSG** §4B1.1(b). Under the Fair Sentencing Act, however, the statutory maximum is not implicated unless the defendant is found responsible for 280 grams or more of crack cocaine, far less than that to which Mr. Scott pled guilty. Defendants, such as Mr. Scott, who are adjudged responsible for 28 or more grams, but less than 280 grams of crack cocaine, are subject now to a statutory maximum of 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii).

Had this provision been applicable at the time of Mr. Scott's sentencing, his base offense level would have been 34, **USSG** §4B1.1(b), rather than 37. With the three-level reduction for acceptance of responsibility to which he was entitled, his total, adjusted, advisory, offense level would have been 31. An offense level of 31 and a

5

criminal history category of VI produces an advisory guideline range of 188 to 235 months.[8]  Applying the twenty-five percent downward departure for substantial assistance, Mr. Scott's ultimate sentence would have been 141 months.  **See USSG** §1B1.10(b)(2)(B) (under § 3582(c)(2), court may impose a term "comparably" below the amended range),   That is the sentence he now asks be imposed.

Pursuant to the first step of the bipartite test contemplated by 18 U.S.C. § 3582(c)(2), the court first must consider whether Mr. Scott is eligible for a sentence reduction under the First Step Act.  Mr. Scott was convicted of a "covered offense" – that is, conspiracy to distribute and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii) – prior to August 3, 2010.  First Step Act §§ 404(a) & (b).  He is not subject to either of the procedural bars imposed by section 404(c) of the First Step Act.[9]  Therefore, he is plainly eligible for relief.

In considering the second step of the inquiry – whether the court should exercise its discretion to grant a sentence reduction – the court should consider the sentencing factors and needs set forth in 18 U.S.C. § 3553(a).  **See Lewis**, 2019 WL 2192508 at *20.  These include, but are not limited to (1) the nature and circumstances of the

---

[8]  This calculation is based on the November 1, 2009, version of the Guidelines Manual, which was the version in effect at the time of Mr. Scott's original sentencing.  "District courts must begin their sentencing analysis with the Guidelines in effect at the time of the offense and use them to calculate the sentencing range correctly . . . The newer Guidelines, meanwhile, will have the status of one of many reasons a district court might give for deviating from the older Guidelines."  **Peugh v. United States**, 569 U.S. 530, 549, 133 S.Ct. 2072, 2087, 186 L.Ed.2d 84 (2013).  **See also Lewis**, 2019 WL 2192508 at *23 (citing **Peugh** as basis for recalculating defendant's sentence under First Step Act under prior version of guidelines).  In this case, the distinction makes no difference, since Mr. Scott's revised ranges would be the same whether under either verison of the guidelines.

[9]  A defendant is barred from receiving a sentence reduction under section 404 of the First Step Act if either (1) his "sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010"; or (2) "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."  First Step Act § 404(c).

offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense (b) afford adequate deterrence to criminal conduct; and (c) protect the public from further crimes of the defendant; (3) the sentencing ranges under the guidelines; (4) the pertinent policy statements of the Sentencing Commission; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1), (2), (4), (5), and (6).

Having considered and applied all relevant matters of fact and law, I conclude ultimately that it is appropriate to exercise my discretion to grant the motion and modify Mr. Scott's sentence consistent with the agreement of the parties. A reduced sentence of 141 months satisfies the requirements and needs of 18 U.S.C. § 3553(a)(1)-(7) and is sufficient, but not greater than necessary, to achieve the Congressional goals and purposes of sentencing as required under § 3553(a) to comply with the purposes of § 3553(a)(2).

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That Mr. Scott's **Unopposed Motion for Reduced Sentence Pursuant to the First Step Act** [#1016], filed June 24, 2019, is granted;

2. That Mr. Scott's **Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) "First Step Act"** [#1008], filed *pro se* on February 12, 2019, is denied as moot;

3. That pursuant to the Fair Sentencing Act and section 404 of the First Step

Act, Mr. Scott's sentence to imprisonment is reduced to 141 months; and

    4. That the **Judgment In A Criminal Case** [#403], filed March 30, 2010, shall be amended to the extent necessary to facilitate and implement this order, but is otherwise ratified and continued in full force and effect, including the term and conditions of supervised release.

    Dated November 5, 2019, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge